UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLY DE JESUS SANDIGO ORTEGA,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, et al.,<br><br>Respondents. | Case No. 5:26-cv-06164 ADS<br><br>ORDER GRANTING PETITION |

## I. **THE PETITION**

Petitioner Michelly De Jesus Sandigo Ortega filed the instant Petition on October 19, 2026. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States by air in March 16, 2023 through an official parole program. [Dkt. No. 1 ¶ 26.] Petitioner alleges that she was thoroughly vetted in advance of her entry, granted employment authorization until January 23, 2030, and has a pending asylum application. [Id. ¶¶ 26-29.] Following her arrival to the United States, Petitioner

worked as an assistant teacher supporting children with disabilities and as a part-time server at a pizzeria. [Id. ¶ 3.] Petitioner alleges that she has no criminal history and has complied with every reporting requirement. [Id. ¶ 30.]

On October 12, 2026, Petitioner was detained by immigration officials at the airport when attempting to travel domestically. [Id. ¶¶ 31-38.] Petitioner alleges that immigration officials were searching for other individuals who she happened to be traveling with. [Id. ¶¶ 33-35.] Petitioner was initially told that she was free to leave by an immigration officer, but was later inexplicably arrested by a different immigration officer while attempting to leave. [Id. ¶¶ 35-37.] Petitioner alleges that she was never presented with a warrant and did not receive any advance notice or a hearing prior to her arrest. [Id. ¶¶ 40, 45.] Petitioner has epilepsy and depends on medication and a special diet to manage her condition. [Id. ¶ 3.]

Petitioner alleges the following grounds for relief: (1) a procedural due process violation due to the lack of notice or a hearing prior to re-detention and (2) an unlawful arrest under applicable statutes and regulations. [Id. ¶¶ 60-82.] Petitioner requests immediate release from custody without conditions and with all her documents, declaratory relief, an injunction preventing her re-detention without pre-deprivation process, or in the alternative, a new constitutionally adequate bond hearing under the clear and convincing standard. [Id. at 24-25.] Petitioner also request an injunction preventing her transfer and an order to show cause for why the Petition should not be granted. [Id. at 24.]

## II. PROCEDURAL HISTORY

On October 19, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 6.] No responsive

pleading was filed. To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Petitioner claims that her due process rights have been violated because she failed to receive notice or a hearing prior to her re-detention. [Dkt. No. 1 ¶¶ 60-68.]

Petitioner entered the United States by air in March 16, 2023 through an official parole program. [Dkt. No. 1 ¶ 26.] Petitioner was thoroughly vetted in advance of her entry, granted employment authorization until January 23, 2030, and has a pending asylum application. [Id. ¶¶ 26-29.] Following her arrival to the United States, Petitioner worked as an assistant teacher supporting children with disabilities and as a part-time server at a pizzeria. [Id. ¶ 3.] Petitioner alleges that she has no criminal history and has complied with every reporting requirement. [Id. ¶ 30.] Petitioner did not receive any advance notice or a hearing prior to her arrest. [Id. ¶ 45.]

Respondents have not appeared to defend this case. Therefore, Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of her release. Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[1][2] However, to the extent Petitioner seeks an injunction against future detention without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026)

---

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.

("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Petitioner Michelly De Jesus Sandigo Ortega (A# 232-299-928) must be immediately released from immigration detention;

3. Respondents must return all of Petitioner's personal belongings, including all her identity documents and paperwork; and

4. Judgment shall be entered accordingly.

DATED: October 27, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge